MARTIN CO. v. NICHOLSON et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 22, 1912.)

CHATTEL MORTGAGES (§ 177*) — SELLING MORTGAGED CROPS — ESTOPPEL — QUESTION FOR JURY.

In an action for conversion of mortgaged crops by purchasing the same from the mortgagor's alleged agent, whether plaintiff mortgagee was estopped to deny the right of the mortgagor or his agent to sell the crop held insufficient to authorize directing verdict for defendant.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 336, 340–357, 477; Dec. Dig. § 177.*]

Appeal from Comanche County Court; J. M. Rieger, Judge.

Action by the Martin Company against Van

Nicholson and others. Judgment for plaintiff against J. A. Killain and in favor of the other defendants, and plaintiff appeals. Reversed and remanded.

Kearby & Kearby, of Comanche, for appellant. Goodson & Goodson, of Comanche, for appellees.

CONNER, C. J. Martin Company instituted this suit against J. A. Killain to recover upon certain written obligations and to foreclose certain mortgage liens, alleging, among other things, that Higginbotham Bros. & Co., a corporation, and the Comanche Cotton Oil Company, also a corporation, had purchased and converted certain of the mortgaged property. Upon the conclusions of the trial, the court peremptorily instructed the jury to find in favor of the plaintiff as against the mortgagor, J. A. Killain, for the debt due the plaintiff as shown by the undisputed evidence, but in favor of the corporations above named. The verdict and judgment were in accordance with the peremptory instruction, and this appeal has been duly prosecuted.

So far as here necessary to state, the evidence is undisputed that Killain had executed and delivered to the appellant Martin Company his obligations for several hundred dollars, and to secure the same had given a valid mortgage upon, among other things, "the entire crops of all kinds to be 'grown by said J. A. Killain in 1910–11 on M. F. O'Brien's farm, including seed." Such mortgage was forthwith duly recorded in Comanche county, wherein the farm mentioned was located, and thereafter, during the year 1910, Killain among other crops raised certain cotton on said farm, one bale of which of the value of $64.50 was purchased in the town of Comanche by Higginbotham Bros. & Co.; that of such cotton the Comanche Cotton Oil Company purchased cotton seed of the value of $27.90. These purchases were defended on the ground that they had been made in open market from one Van Nicholson, who it was alleged in effect had been permitted or authorized by Martin Company to represent himself as the owner. We have concluded, however, that the evidence on the issue so tendered was not of that conclusive character that authorized the court to take the issue away from the jury. The evidence supporting the issue was to the effect that in the summer of 1910 Killain had informed appellant's manager, Hicks, that Nicholson had been employed to gather his (Killain's) crops, to market the same, and apply the proceeds to his (Killain's) debts; that Hicks informed Killain at the time that such arrangement was not satisfactory, though he took no legal action to prevent said agreement from being carried out or to otherwise protect the interest of the Martin Company. Hicks admitted that he knew that Nicholson was gathering the crops, and that he had hauled some of it to Comanche, and had stor-

ed the same in the yards in that city, but denied that he had given Nicholson any authority to sell the same, or that he had knowledge that Nicholson was "offering to sell the same the day it was sold," and did not learn of the fact that Nicholson had sold to the appellee corporations the cotton and cotton seed mentioned until after the purchases.

In view of a new trial, we will not undertake to discuss the evidence further than to say that, in view of the undisputed fact of the purchases by the appellee corporations of property upon which rested a valid and duly recorded mortgage, the only defense as against appellant's claim that is maintainable, or that we think in fact appellees attempt to maintain, is one of estoppel. Of course, if the acts of the mortgagee, Martin Company, were such as to have invested Nicholson with real or apparent authority to make the sales of the property, as he did, appellees' purchases from Nicholson, would constitute a perfect defense to the action, but we certainly think the evidence relied upon to support this defense, and which we have substantially stated, is not conclusive by any means. The issue to say the least of it was one for the jury.

We therefore conclude that the judgment must be reversed, and the cause remanded.